## In re Cohen.

May 18, 1945.

Edwin O. Davis, Chairman of Com. of Louisville Bar Association for complainant.

W. S. Heidenberg for respondent.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reprimanding respondent.

This is a disciplinary proceeding for unprofessional conduct instituted by the Louisville Bar Association against Herman Cohen, one of its members. The Board of Bar Commissioners report they found the respondent guilty of unethical and improper conduct and recommend that he be publicly reprimanded by the Court. The respondent asks us to accept the recommendation of one member of the trial committee of the Board to the effect that the evidence does not.prove he obtained possession of the letter in an improper manner, and that his breach of ethics was committed through ignorance. This, it is submitted, does not warrant censure, which would blemish his reputation and mar his otherwise clean record.

The respondent was attorney for several local labor unions in Louisville. Apparently there was friction and personal rivalry and ill feeling between him and Edward H. Weyler, Secretary of the Kentucky Federation of Labor, and, of special pertinence, some differences of view concerning proposed hearings or proceedings by the National War Labor Board, or the Regional Board having headquarters in Cleveland, Ohio, with respect to rates of wages of certain classes of labor in Louisville. In November, 1943, Cohen went to Cleveland and conferred with Thomas H. Young, a member of the Louisville bar, who was a member of or connected with the

Regional War Labor Board. After his return to Louisville, Cohen freely and publicly exhibited a letter which Weyler had written the chairman of the Regional War Labor Board in which he criticized Cohen's activities and cast some reflections upon him. He testified he showed it to "every one I could who was interested in the labor movement."

Upon an inquiry held by a committee of the Louisville Bar Association, Cohen made false and contradictory statements concerning how he came into possession of this letter. That is also a specification of charges of unprofessional conduct.

Upon the hearing conducted by the Board of Bar Commissioners, the respondent testified to what he insists is a clean and full disclosure of the matter, that at the office in Cleveland, at his request to examine them, Young had given him some papers, which he called "the agenda," relating to the Louisville situation. Among them was Weyler's letter. Being astonished by its contents, Cohen made a copy of the first page and, believing that Weyler would deny having written the letter, took the second sheet containing his signature from the file, leaving the first page of the letter among the papers, which were given back to Young. The respondent contends that Young had inadvertently given him the letter, or, since they were personal friends, may have done so intentionally under the guise of inadvertence. Young and his associates deny all this. Young says he never saw the letter until after Cohen had displayed it. There is substantial evidence, principally circumstantial, that Cohen deliberately stole the letter. The respondent justifies his denials and false statements before the investigating committee of the bar association as having been made in order to protect Young from censure or criticism for negligently letting him get possession of the letter.

The contents of the letter do not seem to be of a confidential nature nor of any material import. Its value to Cohen lay in its personal aspects. So far as the elementary ethics of the matter is concerned, it makes little difference whether Cohen deliberately stole the letter from Young's desk or extracted it from the papers as he describes. It was a letter in the files of the government agency which the respondent was not entitled to

see; at least not without permission of those to whom it was addressed. It was not a part of the record in the case but related to Cohen's attitude and activities. Certainly he should not have obtained it or a copy and publicized it in furtherance of his own personal interests.

The evasion and concealment of the truth of the matter from his fellow attorneys, who were entitled to it and to his confidence, added to his misconduct. Admissions made with frankness would have doubtless invited kindly consideration instead of an additional charge. The respondent now admits his error.

Although the respondent was actuated by resentment growing out of personal disputes with Weyler, and his motive was principally to further his personal interests, yet the delinquency is not a mere peccadillo in the attorney's private life. It was committed in the course of his professional services and bears relationship to the representation of his clients before the quasi judicial governmental board.

The generous trust and broad confidence of the public ought to prompt the most scrupulous conduct in every professional relationship. Unethical conduct brings reproach upon the legal profession and alienates the favorable opinion which the public should entertain concerning the bar. Lawyers are invested with the administration of justice, which is one of the highest, if not the highest, of governmental functions. Therefore, a member of the profession should maintain the highest standard of probity and fair dealing. A good private and professional character is one of the conditions to the admission to the bar. It is equally as essential afterward. It is a quality which indicates that the attorney is worthy of the respect and confidence of the courts and of persons who may intrust their intimate and important affairs to him. The respondent's acts depreciate this high sense of professional ethics and conduct and the responsibility which rests with attorneys at law.

The board of bar commissioners, as stated, have recommended a public reprimand. The wholesome purposes of discipline may be well served by this public record of conduct and the censure which the facts themselves import. The opinion stands as the reprimand.

Whole Court sitting.